IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>Lisa Cato,<br><br>Debtor. | Case No.  25-00290-ELG<br><br>Chapter 7 |

**UNITED STATES TRUSTEE'S MOTION TO DISGORGE FEES AND IMPOSE FINES ON BANKRUPTCY PETITION PREPARER FOR VIOLATIONS OF 11 U.S.C. § 110**

Matthew W. Cheney, Acting United States Trustee for Region 4 ("the U.S. Trustee") pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 110 and 307 hereby files this motion for entry of an order requiring bankruptcy petition preparer Robert Miller ("Mr. Miller") to disgorge any and all fees collected from the debtor Lisa Cato ("the Debtor") and to impose fines upon Mr. Miller for violations of 11 U.S.C. § 110. In support of this motion, the United States Trustee states as follows:

1. The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. The Debtor commenced this case by filing a petition for relief under Chapter 7 of the Bankruptcy Code on July 24, 2025 ("the Petition"). *See* Docket No. 1.

3. The Debtor checked the box on the Petition requesting that her filing fee be waived. *See* Docket No. 1 at 3.

4. At the same time, the Debtor filed the Official Form 119: Bankruptcy Petition Preparer's Notice, Declaration, and Signature ("the BPP Form"). Docket No. 7.

5. The BPP Form disclosed that Ms. Cato had paid $500.00 to Robert Miller of Constitutional Law Advocates for assistance with the preparation of her bankruptcy papers. *Id*. at

Katharine I. Toledo
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202)-603-5203
Katharine.I.Toledo@usdoj.gov

2-3.

6. Also at the same time, the Debtor filed Schedule E/F: Creditors Who Have Unsecured Claims. Docket No. 8.

7. The Court issued a Notice of Hearing on the Debtor's application to have the filing fee waived on July 25, 2025, and a hearing was set for August 14, 2025. Docket No. 12.

8. On August 8, 2025, the Debtor filed the Chapter 7 Statement of Your Current Monthly Income Form 122A-1 (*see* Docket No. 19); the Statement of Intention (*see* Docket No. 20); the Summary of Assets and Liabilities, Schedules A/B-J, and the Declaration and Individual Debtor's Schedules (*see* Docket No. 21); and the Statement of Financial Affairs (*see* Docket No. 22) (collectively, "the Schedules").

9. The Statement of Intention was signed "Robert Miller for Lisa Cato". *See* Docket No. 20 at 2.

10. The Statement of Financial Affairs was also signed "Robert Miller for Lisa Cato". *See* Docket No. 22 at 27.

11. The hearing on the Debtor's application to have the chapter 7 filing fee waived took place on August 14, 2025. Docket No. 23.

12. Mr. Miller appeared at the August 14, 2025 hearing with the Debtor.

13. The Debtor appeared and testified at the 341 Meeting of Creditors ("the 341 Meeting") held on June 5, 2025. At the 341 Meeting, the Debtor was questioned by Wendell Webster, the Chapter 7 Trustee, and by Katharine Toledo, a Trial Attorney in the Office of the U.S. Trustee.

14. Mr. Miller also appeared at the 341 Meeting with the Debtor.

15. At the 341 Meeting of Creditors, the Debtor stated that Robert Miller assisted her

in preparing the bankruptcy filing, gave her bankruptcy advice, and that Mr. Miller was paid $500.00 for his assistance with the bankruptcy filing.

16. Mr. Miller is a bankruptcy petition preparer as defined by Section 110(a) of the Bankruptcy Code.

17. Upon information and belief, Mr. Miller is not a member of the bar in the District of Columbia or any other court.

18. Upon information and belief, Mr. Miller was previously charged with practicing law without admission to the bar in 2003 in Harford County, MD.

19. Mr. Miller's address for contact purposes is 601 Pennsylvania Ave. NW Suite 900, Washington, D.C. 20004.

20. Mr. Miller's website is located at https://constitutionlawadvocates.com.[1]

21. As pertinent to this Motion:

   a. The website domain name includes the word "law".

   b. The website does not include a disclosure that Mr. Miller is not an attorney.

22. According to Mr. Miller's LinkedIn, he is the Managing Director and Ambassador of Good Will at Constitutional Law Advocates.

23. As pertinent to this Motion, the following information appears in Mr. Miller's LinkedIn:

   a. Mr. Miller "leverage[s] [his] extensive legal expertise… to provide high-quality legal consulting, (*sic*) services to clients."

   b. Mr. Miller holds a Juris Doctor and a Bachelor of Laws, both from "LCU".

---

[1] This website is no longer available on Google or accessible by URL. The information included in this Motion relating to the website was gathered using the Wayback Machine Internet Archive. All of the information provided herein is based on the Wayback Machine Internet Archive's screen captures from June 17, 2025.

    c. Mr. Miller has a "strong foundation in constitutional law and criminal law."



24. Based on the above information, Robert Miller violated provisions of Section 110 of the Bankruptcy Code.

## ARGUMENT

Section 110 of the Bankruptcy Code, "was enacted to protect vulnerable consumers experiencing financial distress from falling prey to non-lawyers engaged in the unauthorized practice of law by advising and assisting debtors in filing bankruptcy cases." *See U.S. Trustee v. Maali (In re Ortega)*, 614 B.R. 1, 12-13 (Bankr. D. Mass. 2020) citing *U.S. Trustee v. Burton (In*

*re Rosario)*, 493 B.R. 292, 328 (Bankr. D. Mass. 2013). The petition preparer that offers anything more than a typing, data entry, or photocopying service is in violation of 11 U.S.C. § 110. *Id.* at 13 (citing *U.S. Trustee v. Assaf (In re Briones-Coroy)*, 481 B.R. 685, 691 (Bankr. D. Colo. 2012)).

## COUNT I
## VIOLATION OF 11 U.S.C. § 110(e)(1)

Section 110(e)(1) provides that "a bankruptcy petition preparer shall not execute any document on behalf of a debtor." 11 U.S.C. § 110(e)(1). Bankruptcy courts have found violations of Section 110(e)(1) even where a bankruptcy petition preparer has asserted that the Debtor had provided them with the authority to sign documents on behalf of the Debtor. *See, e.g., In re Paysour*, 313 B.R. 109, 115-16 (Bankr. E.D.N.Y. 2004), citing *Marshall v. Lee Borque* (*In re Hartman*), 208 B.R. 768, 779 (Bankr. D. Mass. 1997).

In this case, Robert Miller twice violated Section 110(e)(1). First, he signed the Statement of Intention "Robert Miller for Lisa Cato". *See* Docket No. 20 at 2. Second, he signed the Statement of Financial Affairs "Robert Miller for Lisa Cato". *See* Docket No. 22 at 27.

## COUNT II
## VIOLATION OF 11 U.S.C. § 110(e)(2)

A bankruptcy petition preparer may not offer a potential debtor any legal advice. *See* 11 U.S.C. § 110(e)(2)(A). Section 110(e)(2)(B) offers a "*non-exclusive list* of items that constitute the provision of legal advice by a bankruptcy petition preparer." *In re Jay*, 446 B.R. 227, 241 (Bankr. E.D. Va. 2010) (emphasis added).

In this case, Robert Miller has violated Section 110(e)(2) by a) providing advice as to bankruptcy law and procedures to the Debtor prior to her bankruptcy; b) appearing with the Debtor at the June 5 hearing before the Court; and c) appearing with the Debtor at the 341 Meeting.

5

## COUNT III
## VIOLATION OF 11 U.S.C. § 110(f)

Section 110(f) provides that "[a] bankruptcy petition preparer shall not use the word "legal" or any similar term in any advertisements…" 11 U.S.C. § 110(f). Section 110(f) is a "strict liability provision." *In re Farris*, 598 B.R. 411, 418 (Bankr. W.D. La. 2019), citing *Bolen v. King* (*In re Howard*), 351 B.R. 371, 380 (Bankr. W.D. La. 2005); see also *Strickland v. U.S. Trustee* (*In re Wojcik*), 560 B.R. 763, 771 (9th Cir. BAP 2016) ("whether Debtor was actually misled into thinking [the bankruptcy petition preparer] offered legal advice or legal services is not the test for whether [the bankruptcy petition preparer] violated § 110(f).").

In this case, Mr. Miller has committed at least six violations of Section 110(f): a) using a website with the word "law" in the domain name; b) using a website that did not disclose that Mr. Miller is not an attorney; c) advertising himself on LinkedIn as the "Managing Director at Constitutional Law Advocates"; d) advertising his "extensive legal expertise" on LinkedIn; e) advertising that he holds a Juris Doctor without disclosing that he is not an attorney; and f) advertising his "strong foundation in constitutional law and criminal law" on LinkedIn.

## COUNT IV
## DISGORGEMENT OF FEES AND FINES

Section 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), (g) or (h)." 11 U.S.C. § 110(h)(3)(B). Given the described violations of Section 110, Mr. Miller should be required to disgorge the $500.00 fee charged to the Debtor. *See Rosario,* 493 B.R. at 339 ("The unauthorized practice of law requires the disgorgement of all fees received by the bankruptcy petition preparer, because no compensation can be lawfully awarded for such activities.").

Finally, Section 110(l)(1) of the Bankruptcy Code provides that "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure." Here, the U.S. Trustee believes that a fine of $5,500 is appropriate under the circumstances. As a bankruptcy petition preparer, Mr. Miller's role in the preparation of the Debtor's bankruptcy documents should have been limited to simply transcribing information provided by the Debtor and placing that information on the forms per the Debtor's instructions—nothing more.

WHEREFORE, the Acting U.S. Trustee for Region 4 respectfully requests that the Court enter an order a) requiring Mr. Miller to immediately disgorge the $500.00 payment that he received for the preparation of this bankruptcy case to the Debtor, Lisa Cato; b) fining Mr. Miller $5,500.00 for his violations of Section 110; and c) for such other and further relief as this Court deems just.

Respectfully submitted,

Dated: September 26, 2025

Matthew W. Cheney
Acting United States Trustee, Region 4

*/s/ Katharine I. Toledo*
Katharine I. Toledo, D.C. Bar No. 90027591
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202) 603-5203 (Office Cell)
Email: katharine.i.toledo@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2025, I electronically filed the foregoing motion along with the Notice of Motion and Proposed Order with the Clerk of the Court and transmitted a true and correct copy of said documents electronically through the electronic case filing system or by first class United States mail, postage prepaid to the following:

Lisa Cato
1707 7th St., NW, Apt. 901
Washington, DC 20001

Robert Miller
Constitutional Law Advocates
601 Pennsylvania Ave., NW, Suite 900
Washington, DC 20004

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Wendell W. Webster wwebster@websterfredrickson.com, DC03@ecfcbis.com


                                        */s/ Robert W. Ours*
                                        Robert W. Ours
                                        Paralegal Specialist