The order below is hereby signed.

Signed: July 10 2026



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

In re:

Lisa Cato,
      Debtor.

Case No. 25-00290-ELG

Chapter 7

## ORDER DENYING MOTION
## FOR SANCTIONS AGAINST THE UNITED STATES TRUSTEE

On March 25, 2026, the Court held a hearing (the "Hearing") on the *Motion for Sanctions Against the United States Trustee for Misconduct, Abuse of Process, Lack of Probable Cause, Violation of Ethical Standards, and Improper Use of Prejudicial and Stale Material in a § 110 Proceeding* (the "Motion for Sanctions") (ECF No. 39) filed by Robert Miller, the bankruptcy petition preparer for Lisa Cato (the "Debtor"), and responses thereto. The Motion for Sanctions is riddled with muddled argument, fabricated legal citations,[1] and arguments already addressed by the Court. Giving the pro se Motion for Sanctions a liberal and generous reading, it appears that Mr. Miller is requesting sanctions against the United States Trustee (the "UST") based on arguments presented to the Court by the UST in and related to the *Motion to Disgorge Fees and Impose Fines on Bankruptcy Petition Preparer for Violations of 11 U.S.C. § 110* (the

---

[1] The Motion for Sanctions is not the first instance of Mr. Miller using incorrect citations, fabricated quotations, or misstatements of law. *See Order*, ECF No. 83 (requiring that all of Mr. Miller's future filings be accompanied by a "certification stating whether generative AI was used in the drafting process and confirming that Mr. Miller conducted a separate, independent review prior to the filing verifying the accuracy of all citations therein"). The continued use of hallucinated caselaw undermines Mr. Miller's legal assertions and arguments and may violate Bankruptcy Rule 9011(b).

"Disgorgement Motion") (ECF No. 31), which the Court previously granted and Mr. Miller subsequently appealed.[2] *See Order Granting Motion to Disgorge Fees and Impose Fines on Robert Miller*, ECF No. 49; *Notice of Appeal*, ECF No. 58; *see also Redmond v. Fulwood*, 859 F.3d 11, 13–14, 15 (D.C. Cir. 2017) (construing pro se allegations liberally and applying "most generous reading" to civil complaint). At the Hearing, the Court heard argument from the UST and Mr. Miller. For the reasons stated herein, the Motion for Sanctions is denied.

## I.        Background

As further articulated in the *Order Granting Motion to Disgorge Fees and Impose Fines on Robert Miller* (the "Disgorgement Order") (ECF No. 49), this case involves an honest but unfortunate debtor who, notwithstanding Mr. Miller's actions, received a chapter 7 discharge on December 15, 2025. However, in seeking her discharge the Debtor chose to engage the services of Mr. Miller, whose actions throughout the entirety of the case have run afoul of the Bankruptcy Code and Bankruptcy Rules.[3]

On September 26, 2025, the UST filed the Disgorgement Motion, which was served on Mr. Miller as indicated in the certificate of service attached thereto and signed by a paralegal specialist within the UST (the "Certificate of Service"). Paragraph 18 of the Disgorgement Motion reads, "Upon information and belief, Mr. Miller was previously charged with practicing law without admission to the bar in 2003 in Harford County, MD" ("Paragraph 18"). As discussed

---

[2] To the extent the Motion for Sanctions seeks to re-litigate issues surrounding the Disgorgement Motion, Mr. Miller's subsequent appeal has divested the Court of jurisdiction of the arguments related thereto. *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) ("A notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also In re Sealed Case*, 77 F.4th 815, 828 n.4 (D.C. Cir. 2023) ("[But] [a]n appeal, including an interlocutory appeal, divests the district court of its control over those aspects of the case involved in the appeal.") (quoting Coinbase Inc. v. Bielski, 599 U.S. 736, 740 (2023)). Therefore, the Court lacks jurisdiction to consider any argument pertaining to the merits of the Disgorgement Motion and order thereon.

[3] Unless specifically indicated otherwise, all section references are to Title 11 of the United States Code (the "Bankruptcy Code"). The Federal Rules of Bankruptcy Procedure shall be referred to as the "Bankruptcy Rules," the Federal Rules of Civil Procedure shall be referred to as the "Civil Rules," and the Federal Rules of Evidence shall be referred to as the "Rules of Evidence" herein.

*infra*, the Motion for Sanctions alleges that each of these items is sanctionable for different reasons.

In response to the Disgorgement Motion, Mr. Miller filed a *Supplemental Memorandum of Law in Support of Petitioner's Opposition to the United States Trustee's Motion to Disgorge Fees and Impose Fines on Bankruptcy Petition Preparer for Alleged Violations of 11 U.S.C. § 110* (ECF No. 33) and *Response in Opposition to the United States Trustee's Motion to Disgorge Fees and Impose Fines on Bankruptcy Petition Preparer for Alleged Violations of 11 U.S.C. § 110* (ECF No. 35) (collectively, the "Opposition"). The Opposition contained, *inter alia*, allegations surrounding the sufficiency of the Certificate of Service.

The Court heard argument from both the UST and Mr. Miller on the Disgorgement Motion on November 5, 2025 (the "Disgorgement Hearing") and took the matter under advisement. While the Disgorgement Motion was under advisement, on or about December 3, 2025, Mr. Miller filed the Motion for Sanctions and a *Consolidated Motion and Memorandum of Law to Dismiss and/or Deny the United States Trustee's Motion to Disgorge Fees and Impose Fines for Due Process Violations, Statutory Defects, and Lack of Legal Merit* (ECF No. 38) without leave of court and without proper notice. On December 10, 2025, the Clerk's Office issued a *Notice of Deficient Filing* (ECF No. 40), and the Court entered the Disgorgement Order without considering either of Mr. Miller's December 3, 2025 pleadings. ECF No. 49, at 2 n.3. Thereafter, Mr. Miller filed a *Notice of Appeal* (the "Notice of Appeal") (ECF No. 63), appealing the Disgorgement Order. The appeal remains pending as of the date of this Order.

On February 27, 2026, the Court docketed a *Notice of Hearing* with respect to the Motion for Sanctions, and on March 9, 2026 the UST filed an *Objection to the Motion for Sanctions* (the "UST Objection") (ECF No. 77). Mr. Miller filed a *Consolidated Response to the Objection of the U.S. Trustee to the Motion for Sanctions and to Strike Pleading, with Supplemental Authority* (the

"Response") (ECF No. 81) on March 23, 2026.

## II.    Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Order sets forth the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. Fed. R. Bankr. P. 7052.

## III.    Discussion

As an initial matter, the Motion for Sanctions appears to seek sanctions for arguments within the Disgorgement Motion and arguments made by the UST at the Disgorgement Hearing. Even providing the most liberal and generous reading, many arguments within the Motion for Sanctions are indecipherable. To the best of the Court's understanding, Mr. Miller raises four arguments to support his request for an award of monetary sanctions: (1) the UST improperly filed the Disgorgement Motion; (2) Paragraph 18 contains improper character evidence; (3) the Court's Local Bankruptcy Rules are in conflict with federal law; and (4) the UST has violated the Rules of Professional Conduct.[4] At the Hearing, however, Mr. Miller argued only two points: (1) the Certificate of Service was improperly signed and therefore is invalid (thus purportedly invalidating the Disgorgement Order); and (2) the reference to Mr. Miller's "prior convictions" in the Disgorgement Motion were "hearsay" and inadmissible.[5] Hearing Recording, ECF No. 85, at

---

[4] The Motion for Sanctions argues that the UST has violated the "ABA Model Rules of Professional Conduct." The ABA Model Rules do not govern any licensed attorney. However, they have been largely adopted by the District of Columbia, and the Court will infer that Mr. Miller's reference is meant to be to the District of Columbia Rules of Professional Conduct.

[5] Notably, and consistent with the unascertainable nature of Mr. Miller's arguments, the Motion for Sanctions itself does not contain a single argument on the validity of the Certificate of Service. However, in his *Consolidated Response to the Objection of the U.S. Tr. to the Mot. for Sanctions and to Strike Pleading, with Supp. Authority* (ECF No. 81),

1:35–2:44, 8:29–9:41, 15:44–16:20. Despite prompting from the Court regarding additional arguments he may have, Mr. Miller asserted at the Hearing that he only intended to pursue the two above points. *Id.* Thus, all other arguments contained within the Motion for Sanctions are deemed abandoned and are denied. *See Parker v. Hoglander*, No. 15-926, 2016 U.S. Dist. LEXIS 81588, at *7–8 (D.D.C. June 23, 2016) (finding that a party's deliberate choice not to defend certain claims warrants them to be deemed abandoned and dismissed). Before turning to the merits of Mr. Miller's allegations, the Court first addresses Mr. Miller's compliance with Bankruptcy Rule 9011.

> A. *Mr. Miller Failed to Comply with the Safe Harbor Provision of Bankruptcy Rule 9011(c)*

Mr. Miller appears to ask for monetary sanctions against the UST under Bankruptcy Rule 9011. The UST argues that Mr. Miller failed to comply with the statutory requirements for doing so, including but not limited to, the safe harbor provision that requires notice prior to filing. Bankruptcy Rule 9011 requires a movant to serve upon the respondent a copy of their proposed motion 21 days prior to filing the motion with the Court. Fed. R. Bankr. P. 9011(c)(2)(B); *Kelleher v. National Asset Mgmt. (In re Shelbourne North Water Sr. L.P.)*, 550 B.R. 391, 403 (Bankr. N.D. Ill. 2016). The purpose of the mandatory safe harbor is to provide the alleged offending party an opportunity to withdraw or correct any alleged misconduct prior to the filing of the motion. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (quoting Civil Rule 11(c)(1)(A)). Courts require strict compliance with the safe harbor provision; not even informal notice is sufficient to award sanctions.[6] *Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 586 (5th Cir. 2008). "Compliance with

---

Mr. Miller asserts that the purported lack of validity of the Certificate of Service mandates the Court strike the Disgorgement Motion.

[6] Due to his pro se status, Mr. Miller was given an opportunity to speak on his Motion for Sanctions, despite extensive precedent that allowed for the Court to refuse to hear a motion from a party that failed to meet the requisite safe harbor standard. *See Ettinger & Assocs., LLC v. Miller (In re Miller)*, 730 F.3d 198, 70 C.B.C.2d 403 (3d Cir. 2013); *Thomas v. Off. of the Tenn. AG*, 2020 Bankr. LEXIS 3298 (B.A.P. 6th Cir. Nov. 23, 2020), *appeal dismissed as moot*, 2022 U.S. App. LEXIS 580 (6th Cir. Jan 7, 2022); *Good Gateway, LLC v. NRCT, Inc. (In re Bay Circle Props., Inc.)*, 2022 Bankr. LEXIS 3150 (Bankr. N.D. Ga. Nov. 11, 2022); *In re Panthera Enters.*, LLC, 2021 Bankr. LEXIS 859 (Bankr.

the service requirement is a mandatory prerequisite to an award of sanctions." *Id.* The result of a party's failure to meet the mandatory prerequisite is dismissal or denial of the requested sanctions. *See Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).

It is undisputed that Mr. Miller failed to comply with the safe harbor provisions of Bankruptcy Rule 9011. At the Hearing, Mr. Miller appeared to argue that he need not comply with the safe harbor provision because the UST failed to comply with other purported legal requirements. He also appeared to argue that notice was sufficient because the UST appeared at the Hearing. These arguments are neither persuasive nor legally accurate. *See In re Pratt*, 524 F.3d at 586 (emphasizing that Bankruptcy Rule 9011 "is a mandatory prerequisite to an award of sanctions"). Therefore, the Motion for Sanctions must be denied for Mr. Miller's failure to comply with the safe harbor provisions of Bankruptcy Rule 9011.

   B.    *Even if Mr. Miller had Complied with the Safe Harbor Requirements, His Arguments Lack Merit*

Notwithstanding Mr. Miller's failure to comply, he would not be entitled to sanctions because his arguments misstate the law and are inherently flawed.

   i.    *The UST's Certificate of Service was Valid and Proper*

The primary argument Mr. Miller raised at the Hearing was that the Certificate of Service was improper because it was signed by a paralegal and not an attorney, and therefore all relief granted related to the Disgorgement Motion should be void. In addition, Mr. Miller argued that the purported improprieties of the Certificate of Service should be reviewed by the Court under Bankruptcy Rule 9011(a). Each point is fatally flawed.

As an initial matter, the Court notes that certificates of service have a separate designation

---

N.D. W. Va. April 1, 2021); *In re M.A.S. Realty Corp.*, 326 B.R. 31, 39 (Bankr. D. Mass. 2005); *In re McNichols*, 258 B.R. 892, 902–903 (Bankr. N.D. Ill. 2001).

from pleadings under the Civil Rules. *See* Fed. R. Civ. P. 5. Notably, the notes of the Advisory Committee on the Civil Rules (the "Advisory Notes") state that the person making service must certify that service was effectuated. Fed. R. Civ. P. 5 advisory committee's note to 1991 amendment. The language of both Civil Rule 5 and the Advisory Notes make a clear distinction between the term "person" and the term "attorney." Contrary to Mr. Miller's argument, nothing in the Civil Rule requires an attorney to complete service, and the language specifically requires that the party actually effectuating service sign the certificate. Moreover, if the Court were to adopt Mr. Miller's argument, then a certificate of service would require a higher level of service than a summons to initiate a case. *See* Fed. R. Civ. P. 4 ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").

Further, although he represented to the Court that he had cited caselaw in support of his argument, Mr. Miller failed to establish that a paralegal's signature on a certificate of service is insufficient under Civil Rule 5. Each of the cases referenced by Mr. Miller are distinguishable and do not address the sufficiency of an executed certificate of service. *Pavelic & LeFlore v. Marvel Entertainment Group* does not reference the term "other document" or "certificate of service," but rather defines the term "person who signed" and emphasizes that the individual signer can be sanctioned based on the pleading to which their signature is affixed. 493 U.S. 120, 121 (1989). Similarly, *Business Guides, Inc. v. Chromatic Communications Enterprises* holds that the signature of an attorney or pro se individual represents a certification that the signer has conducted a reasonable inquiry into the facts and the law prior to filing a pleading. 498 U.S. 533, 535 (1991). Each of the other cases cited by Mr. Miller are similarly distinguishable in that they embody true and accurate representations of the law but do not address the question of sufficiency of a signature on a certificate of service. *See, e.g., In re Martin*, 670 B.R. 636 (Bankr. N.D. Ill. 2025) (sanctioning

an attorney for filing a petition that was not signed by the debtor and other filings that were "pre-signed" by the debtor); *Cobell v. Norton*, 240 F.3d 1081, 1110 (D.C. Cir. 2001) (finding that government officials breached duties in a matter unrelated to the signature requirement of Civil Rule 11).

Mr. Miller also asserts that the paralegal's signature on the Certificate of Service somehow violates the Local Bankruptcy Rules of this Court. First, it is unclear to which, if any, Local Bankruptcy Rules Mr. Miller refers. Local Bankruptcy Rule 9013-1 requires a certificate of service to be filed for each "pleading, motion, and other paper" but is silent as to *who* must execute a certificate of service. Moreover, the Local Bankruptcy Rules are consistent with federal law. But even beyond this, courts can use local rules to fill gaps within or impose higher standards than the federal rules. *See* DCt.LBR 9029-1 (authorizing the Court to make local rules); 6 Moore's Fed. Practice – Civil § 26.04 (2026) (acknowledging that many local rules "contain stricter or more detailed requirements than those found in the federal rules").

Finally, even if the Certificate of Service was found to be improperly filed (or, more drastically, not filed at all), it would not *ipso facto* void either the underlying pleading or any resulting orders. *See Russell v. City of Milwaukee*, 338 F.3d 662, 666 (7th Cir. 2003)("[T]he absence of a certificate does not require the invalidation of the paper where service is not contested or where the court finds that service was accomplished."). While a court *may* disregard a pleading or other paper when a certificate of service is *absent* from a filing, it is not required to. *Id.* Mr. Miller's multiple responsive pleadings and appearance at the Disgorgement Hearing provide ample evidence that he was on actual notice of the Disgorgement Motion.

        *ii.*     *Allegations in a Pleading are not Evidence*

Mr. Miller also appears to argue that Paragraph 18 includes sanctionable language because

it violated Rules of Evidence 402, 403, and 404(a), and that the UST used it "to gain favor with the Court."[7] Hearing Recording at 15:15–15:31, ECF No. 85. Even if this argument were not barred by Mr. Miller's appeal, a statement within a pleading is not evidence, and the Rules of Evidence have no bearing on the pleading itself. *See, e.g.*, *Ward v. Dist. of Columbia*, 950 F. Supp. 2d 9, 18 (D.D.C. 2013) (emphasizing that an allegation in a pleading, in this instance a complaint, are "decidedly not evidence") (quoting *Garay v. Liriano*, 943 F. Supp. 2d 1, 20 (D.D.C. 2013)); *Long v. Hooks*, 972 F.3d 442, 463 (4th Cir. 2020) ("[C]ounsel's arguments are not evidence in a case. It is literally black letter law."). Further, none of the findings in the Disgorgement Order rely upon the language within Paragraph 18 of the Disgorgement Motion.

### IV.   Conclusion

The Motion is denied due to Mr. Miller's failure to adhere to the safe harbor provisions of Bankruptcy Rule 9011. Even if Mr. Miller had complied with the rigors thereof, his arguments as to the Certificate of Service and contents of the Disgorgement Motion are also meritless. Mr. Miller failed to advance any other arguments discernable from the Motion for Sanctions at the Hearing, and they are denied as abandoned. Therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the Motion for Sanctions (ECF No. 39) is **DENIED**.

[Signed and dated above.]

---

[7] In yet another inconsistency, Mr. Miller argues in the Motion for Sanctions that the UST's reference to "prior convictions" was inadmissible hearsay. Paragraph 18 does not reference a conviction, merely that "[u]pon information and belief, Mr. Miller was previously charged with practicing law without admission to the bar in 2003 in Harford County, MD." Mr. Miller's arguments regarding use of prior convictions are therefore inapplicable and separate and distinct from the language he is challenging.

Copies to: Recipients of CM/ECF Notices, and

Lisa Cato
1707 7th St NW
Apt 901
Washington, DC 20001

Robert Miller
Constitutional Law Advocates
601 Pennsylvania Ave NW
Suite 900
Washington, DC 20004